OPINION
Defendant-appellant, Delmond L. Bowie, appeals from the judgment of the Defiance County Court of Common Pleas entered pursuant to his jury conviction for a December 11, 1998 shooting.
In January 1999, the Defiance County Grand Jury indicted defendant on one count of felonious assault, R.C. 2903.11(A)(2), with a firearm specification and one count of improperly discharging a firearm at or into a habitation, R.C. 2923.161. The case proceeded to a jury trial on June 14, 1999. Prior to the beginning of trial, the trial court granted the State's motion to dismiss the firearm specification. The record further demonstrates that defendant was actually prosecuted for complicity to commit the two offenses for which defendant was indicted.
The charges resulted from a shooting that occurred on December 11, 1998. The State presented the testimony of two of the four individuals who were allegedly involved in the incident. The testimony revealed that a fight between Michah Wright and Miguel Santiago had occurred at the Northtown Mall prior to the incident. Defendant and Lesley Quarles were present at this time. There is no dispute that Wright was the man who did the subsequent shooting that same night. A bullet struck Quarles as he was walking down Franklin Street with Santiago and another bullet hit a residence on Franklin Street. The defendant did not dispute driving the vehicle at the time of the shooting, but testified that his actions were without knowledge as to the alleged crimes.
The jury returned a verdict finding defendant guilty of the two offenses for which he was indicted. Defendant was sentenced to consecutive terms of imprisonment of four years and five years, respectively, on these offenses.
Defendant now appeals, raising two assignments of error. For his first assignment of error, defendant asserts:
 The trial court committed prejudicial error in submitting the question of defendant's guilt to the jury.
 By this assignment of error, defendant argues that there was insufficient evidence to support his convictions of complicity to the felonious assault of Lesley Quarles and complicity to improperly discharging a firearm at or into a habitation.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2903.11(A)(2) defines the offense of felonious assault as follows:
(A) No person shall knowingly:
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
 R.C. 2923.161 defines the offense of improperly discharging a firearm into a habitation as follows:
 (A) No person, without privilege to do so, shall knowingly do either of the following:
 (1) Discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual[.]
 Complicity in the felonious assault or in improperly discharging a firearm at or into a habitation is committed when a person, acting with the kind of culpability required for the commission of the offense, aids or abets another in committing the offense. R.C. 2923.03(A)(2). Both offenses include the word "knowingly," which is defined in R.C. 2901.22(B) as follows:
 (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 When viewed in a light most favorable to the prosecution, we conclude that there was sufficient evidence for the jury to find that defendant committed complicity to the offenses for which he was indicted. As noted above, there is no dispute that defendant was operating the vehicle which was used in the shooting committed by Wright on December 11, 1998 at Franklin Street. The police questioned Wright, who first denied any involvement in the alleged crimes, but after being confronted with defendant's statements implicating him, the trial record shows that in Wright's confession to Detective Simon and in his trial testimony, Wright stated that defendant provided the gun he used in the shooting and that defendant, who was driving, did as he directed. Wright also testified concerning defendant's knowledge of his actions prior to the shooting. According to Jennifer Gomez, the girlfriend of Santiago, defendant and Wright on the evening of the shooting went to Burger King where defendant told her that that they were "going to be blasting" when they see Santiago.
Defendant admitted he had lied each time in his statements to the police about his involvement in the alleged crimes until the fourth statement when defendant acknowledged that he was the driver of the car involved in the shooting. The record demonstrates that defendant made some contradictory statements in his subsequent testimony at trial, including that he did not speak with Gomez while he and Wright were at Burger King and whether he saw Santiago and Quarles before they got shot. Unlike his subsequent trial testimony, defendant never indicated in his statements to the police that after the shooting occurred Wright had the gun on his lap and it was pointing at him while he was told by Wright to drive away. Defendant further testified contrary to Wright's testimony that he neither owns a gun nor did he provide the gun involved in the shooting.
The State's witnesses, if believed, established that defendant knowingly aided and abetted Wright in the shooting by providing the firearm and transportation for the crime. It was within the jury's province as to which witnesses were credible. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380.
Accordingly, defendant's first assignment of error is overruled.
The defendant's second assignment of error states as follows: "Defendant/appellant was denied effective assistance of counsel." Defendant argues that trial counsel's failure to renew a Crim.R. 29 motion for acquittal at the close of all the evidence and to file a motion for judgment notwithstanding the jury verdict denied him effective assistance of counsel.
In order to establish a claim of ineffective assistance of trial counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. State v.Bradley (1989), 42 Ohio St.3d 136, 142.
Defendant's argument that his trial counsel failed to renew a Crim.R. 29 motion for acquittal based on the sufficiency of the evidence is not well taken in light of our disposition of defendant's first assignment of error. The standard for granting an acquittal is similar to the standard specified in Jenks, supra, for reviewing the sufficiency of the evidence. See, e.g., Statev. Dennis (1997), 79 Ohio St.3d 421, 430. Construing Wright's testimony, Gomez's testimony and the police officer's testimony in a light most favorable to the State, a rational trier of fact could have found the essential elements of the charges proven beyond a reasonable doubt. Inasmuch as the standard for granting a motion for acquittal under Civ.R. 29 following the jury's verdict is concerned with the sufficiency of the evidence presented, defendant's second argument regarding counsel's performance is similarly not well taken.
Accordingly, the defendant's second assignment of error is overruled. The trial court judgment appealed from is affirmed.
Judgment affirmed.
 SHAW, J.
 HADLEY, P.J., and WALTERS, J., concur.